# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| KATANA SILICON TECHNOLOGIES LLC, | § § § § | |
| Plaintiff/Counterclaim Defendant, | § § § | |
| v. | § § | |
| MICRON TECHNOLOGY INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; and MICRON TECHNOLOGY TEXAS, LLC, | § § § § § | Case No. 1:22-cv-00214-LY |
| Defendants/ Counterclaimants, | § § § § § | |

## MICRON'S OPPOSED[1] MOTION PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER TO THE DISTRICT OF IDAHO

---

[1]   Counsel for Micron met and conferred with counsel for Katana about this motion on June 3 and 6, 2022.  Katana opposes the motion.

TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES........................................................................................ ii

INTRODUCTION .................................................................................................... 1

FACTUAL BACKGROUND ....................................................................................... 1

LEGAL STANDARDS .............................................................................................. 4

ARGUMENT:  THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF IDAHO..................... 5

      A.     The District Of Idaho Is An Appropriate Venue For This Case ............ 5

      B.     The Private Interest Factors All Weigh Heavily In Favor Of Transfer ................................................................................... 6

            1.     Transferring This Case To The District Of Idaho Would Reduce The Costs Of Attendance For Willing Witnesses .......... 6

            2.     Sources Of Proof Are Mostly In Idaho; *None* Are In This District.................................................................................. 8

            3.     The Availability Of Compulsory Process To Secure Attendance Of Witnesses Is Neutral ....................................... 12

            4.     The Fourth Catch-All Factor Favors Transfer .......................... 12

      C.     The Public Interest Factors All Weigh Heavily In Favor Of Transfer ................................................................................. 13

            1.     Idaho Local Interests Favor Transfer ....................................... 13

            2.     The District Of Idaho Is Better Situated To Resolve Idaho State Law Counterclaims ...................................................... 15

            3.     The Comparative Congestion Of The Two Courts Along With Micron's Pending Lawsuit In Idaho Favor Transfer........ 16

            4.     The Remaining Factor (Conflict Of Laws) Is Neutral ............. 16

CONCLUSION......................................................................................................... 17

TABLE OF AUTHORITIES

PAGE(S)

CASES

*Collaborative Agreements, LLC v. Adobe Sys. Inc.*,
No. 1-14-CV-356-LY, 2015 WL 10818739 (W.D. Tex. Aug. 21, 2015)................................7

*DataQuill, Ltd. v. Apple Inc.*,
No. A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) .................................12

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947)..................................................................................................4, 13

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)..........................................................................................16

*In re Apple Inc.*,
No. 2022-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) ..................................................11

*In re Apple Inc.*,
No. 2022-137, 2022 WL 1676400 (Fed. Cir. May 26, 2022) ...................................................5

*In re DISH Network LLC*,
No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021)..................................................14

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)........................................................................................6, 9

*In re Google Inc.*,
No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ....................................................6

*In re Hulu, LLC*,
No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ....................................................6

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021) .................................................................................6, 13, 16

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009)..........................................................................................14

*In re Samsung Elecs. Co., Ltd.*,
2 F.4th 1371 (Fed. Cir. 2021) ......................................................................................13, 16

*In re Vistaprint Ltd.*,
628 F.3d 1342 (Fed. Cir. 2010)............................................................................................5

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ........................................................................................ *passim*

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ...............................................................................4, 8, 9, 14

*Kay v. Nat'l City Mortg. Co.*,
    494 F. Supp. 2d 845 (S.D. Ohio 2007) ...................................................................15

*Media Chain, LLC v. Roku, Inc.*,
    No. 1:21-CV-27-LY, 2021 WL 5994809 (W.D. Tex. Dec. 7, 2021) ................................9, 11

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ...............................................................................................5

*Polaris Innovations Ltd. v. Dell, Inc.*,
    No. SA-16-CV-451-XR, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ..............................14

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017) ............................................................................................5

*Uniloc 2017 LLC v. Blackboard Inc.*,
    No. A-17-CV-0753-LY, 2020 WL 4578702 (W.D. Tex. May 15, 2020) .............................5

*Uniloc USA Inc. v. Box, Inc.*,
    No. 1:17-CV-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018)................................12

**STATUTES**

28 U.S.C. § 1332(c)(1)................................................................................................5, 6

28 U.S.C. § 1400(b) ..................................................................................................5

28 U.S.C. § 1404(a) ..................................................................................................1, 4

Idaho Code § 48-1701................................................................................................1, 3, 15, 16

Idaho Code § 48-1706................................................................................................4

Idaho Code § 48-1707................................................................................................3

## INTRODUCTION

This case belongs in the District of Idaho.  Boise, Idaho is the headquarters for all three Defendants (collectively, "Micron") and the situs of the majority of relevant documents, evidence, and key witnesses.  By contrast, this District is separated from that evidence and those key witnesses by approximately *1,600 miles*.

Given Micron's success as an Idaho business and its involvement in the Idaho business community, it is Idaho, not Texas, that has an interest in this dispute.  Texas and the potential jurors in this District—by contrast—have no connection to or interest in this dispute.  The plaintiff here, Katana Silicon Technologies, LLC ("Katana"), although a Texas LLC, does not have an address in this District, much less employees or products.  And, although the Micron accused products make their way to this District, they do so in much the same way that they make their way to many or all of the districts of the United States.  There is no special connection (or any connection at all) to this District.

On top of all that, Idaho state law will be central to this case.  Micron has asserted a counterclaim against Katana for bad faith assertion of patent infringement pursuant to Idaho Code § 48-1701, *et seq*.  Micron has also filed suit in Idaho against the entity that controls Katana, Longhorn IP, LLC ("Longhorn"), based on that same Idaho statute.  Idaho courts are indisputably better situated to adjudicate those state law claims than this Court.

Micron therefore moves under 28 U.S.C. § 1404(a) to transfer this case.

## FACTUAL BACKGROUND

Micron, a world leader in innovative memory solutions, has maintained its headquarters in Boise, Idaho, since its founding in 1978.  Declaration of Kunal Parekh ("Parekh Decl."), ¶ 5. Micron is one of Idaho's largest private employers, with more than 6,000 employees in Idaho alone.  *Id.*, ¶ 6.

-1-

All three of the Micron defendants here have their principal place of business at 8000 South Federal Way, Boise, Idaho 83716.  *Id.*, ¶ 5.  In addition, two of the three Micron parties (Micron Semiconductor Products, Inc. and Micron Technology Texas, LLC) were formed under the laws of Idaho and are Idaho entities.[2]  *Id.*, ¶ 7.

Katana is a limited liability company organized under the laws of Texas, with its principal place of business in Frisco, Texas.  Ex. 1.[3]  Notably, Frisco is not within the Western District of Texas.  Graham Decl., ¶¶ 8-9, Exs. 5-6.

Katana does not produce any products or provide any services.  Its business is instead to litigate patents.  Katana is one of several entities controlled by Longhorn.  *See, e.g.,* https://www.longhornip.com/ (describing Longhorn as "a privately owned IP management and patent portfolio licensing company" and listing Katana as one of its "portfolios under management").  Both Longhorn and Katana are one-man shows, controlled by the same individual, Khaled Fekih-Romdhane.  Exs. 1-4.

On March 4, 2022, Katana filed the present suit against Micron, asserting three patents relating to semiconductor "packaging."[4]  ECF No. 1, ¶¶ 22-121.  Katana's Complaint identifies particular accused Micron memory products.  *See, e.g., id.*, ¶ 30.

The engineers knowledgeable about, and responsible for, the relevant features of these accused products are almost entirely located in Boise, Idaho.  Parekh Decl., ¶¶ 12-13.  These

---

[2]   The third, Micron Technology, Inc., is not a Texas entity; it is a Delaware corporation. Parekh Decl., ¶ 7; *see also* ECF No. 1 ¶ 6.

[3]   All cited exhibits are to the Declaration of Daniel Graham in support of this Motion to Transfer.

[4]   "Packaging" in this context refers generally to the process of encapsulating delicate semiconductor chips to prevent damage and corrosion.

engineers include Kunal Parekh (Senior Director of Advanced Packaging in Technology Development), as well as Kyle Kirby (Principal Engineer, Package Integration), and Terry McDaniel (Distinguished Member of Technical Staff, Advanced Packaging Technology). *Id.* ¶ 13. Boise is the location where the majority of the packaging, research, development, and testing occurs. *Id.* ¶ 8. Boise is also where design and engineering documents are generally kept. *Id.,* ¶¶ 9, 11. To the limited extent that there are other knowledgeable Micron technical witnesses for these products, or documents relating to the relevant packaging features in any other location, those witnesses are generally located in Asia, where Micron's commercial packaging operations and packaging subcontractor are located. *Id.,* ¶¶ 11, 14.

As with its engineering and technical witnesses and documents, Micron's documents and witness relating to sales of the accused products are also located in Boise. *Id.,* ¶ 9. Marketing documents, to the extent that they exist, are likewise located in Idaho, although Micron does not generally market the types of packaging features that are accused here, so it does not anticipate having many marketing documents to produce. *Id.,* ¶ 10.

Although Micron has a small percentage (~3%) of its workforce in Texas, none of its Texas facilities or employees work on any issues or matters relevant to this dispute or are anticipated to be witnesses in this case. *Id.,* ¶¶ 8-11, 15-17. And, relevantly, no Micron products are packaged in Texas. *Id.,* ¶ 17. Moreover, one of the named defendants here (Micron Technology Texas, LLC) has ***no*** employees in Texas *id.,* ¶¶ 15-16, and, indeed, has not even been an operating entity since the early 2000s.

Concurrently with the submission of this Motion to Transfer, Micron is also filing its Answer and Counterclaims to Katana's Complaint. Importantly, Micron asserts there a counterclaim of bad faith patent infringement assertion against Katana under Idaho state law,

pursuant to Idaho Code § 48-1701, *et seq.*  The facts supporting that counterclaim are described in detail in paragraphs 22 to 78 of Micron's counterclaim and will not be repeated here, but generally relate to the history between Micron, Katana, Longhorn, and other Longhorn assertion entities, as well as the lack of merit of the specific patent infringement assertions here.  The Micron witnesses knowledgeable about these issues are all located in Boise, Idaho.  *Id.*., ¶ 18.

Additionally and separately, Micron is also concurrently filing a Complaint against Longhorn in Idaho state court (specifically, in Ada County District Court), also asserting a claim under Idaho's bad faith patent infringement assertion.  Ex. 7.  In connection with that suit, Micron intends to seek a bond under Idaho Code § 48-1707 to secure its attorneys' fees in this action and other damages to which Micron is entitled under Idaho law, which Longhorn will owe under Idaho Code § 48-1706 if Micron's Idaho state law claim is successful (and which Katana will likewise owe if Micron's counterclaim is successful).[5]

### LEGAL STANDARDS

Under 28 U.S.C. § 1404(a), a court may transfer a civil case to a more convenient district where the case otherwise might have been brought.  If the proposed venue is proper, courts weigh the private and public interest factors—set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)—to determine if "the transferee venue is clearly more convenient."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").

The private interest factors considered in deciding this issue are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that

---

[5]  Although this Court can adjudicate the compulsory counterclaim against Katana, it is possible that Katana will argue that this Court does not have the authority to order a bond pursuant to Idaho Code § 48-1707.

make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)) ("*Volkswagen I*"). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*; s*ee also In re Apple Inc.*, No. 2022-137, 2022 WL 1676400, at *2 (Fed. Cir. May 26, 2022) (directing district court to transfer venue after evaluating the factors and concluding that the district court had exhibited a "clear abuse of discretion" in denying transfer).

The plaintiff's choice of forum is not a factor in this analysis, but instead is accounted for by the defendant having the burden to clearly demonstrate good cause for the transfer. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010); *Uniloc 2017 LLC v. Blackboard Inc.*, No. A-17-CV-0753-LY, 2020 WL 4578702, at *4 (W.D. Tex. May 15, 2020) (stating that plaintiff's choice of venue "is not treated as a distinct factor in the venue analysis").

**ARGUMENT:**
**THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF IDAHO**

**A.     The District Of Idaho Is An Appropriate Venue For This Case**

The threshold inquiry when evaluating a venue transfer request is whether the proposed transferee venue would be an appropriate venue for the action. Here, this threshold inquiry is satisfied because the District of Idaho would be an appropriate venue for this action.

Under 28 U.S.C. § 1400(b), venue is proper for patent infringement actions in a judicial district where a defendant resides. A domestic corporate defendant is deemed to reside (i) in its state of incorporation and (ii) in the state where it has its principal place of business. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017); 28 U.S.C. § 1332(c)(1) ("[A]

corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business….").

As Katana's Complaint admits, all three of the Micron defendants have their principal place of business in Boise, Idaho.  ECF No. 1 ¶¶ 6-8; *see also* Parekh Decl., ¶ 5.  In addition, two of the three Micron defendants were formed under the laws of Idaho and are Idaho entities, with the third being a Delaware (not Texas) company.  ECF No. 1, ¶¶ 7-8; *see also* Parekh Decl., ¶ 7.  As a result, all three Micron parties reside in the District of Idaho, making venue proper there.

**B.    The Private Interest Factors All Weigh Heavily In Favor Of Transfer**

Not a single one of the four private interest factors weighs in favor of keeping this case in this District.  Instead, three weigh in heavily in favor of transfer, and the fourth is merely neutral.

**1.    Transferring This Case To The District Of Idaho Would Reduce The Costs Of Attendance For Willing Witnesses**

This private interest factor considers the convenience of witnesses and has been deemed the ***most*** critical factor in any transfer analysis.  *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017) ("probably the single most important factor in a transfer analysis") (applying Fifth Circuit law and quoting *Genentech*, 566 F.3d at 1343).  Moreover, both the convenience of ***party*** and non-party witnesses must be considered, not just non-parties.  *See, e.g.*, *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021) (rejecting an approach that discounted importance of this factor for ***party*** witnesses); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 2021) (error for district court to not consider inconvenience for party witnesses).  Here, considerations pertaining to the convenience of the witnesses heavily favor transfer.

Attending trial in Idaho will be less burdensome for willing witnesses, including the key members of Micron's Boise-based engineering and sales team, discussed above, who focus on chip

packaging.  Parekh Decl., ¶¶ 12-13; *See* Factual Background, *supra*.  "When the distance between an existing venue for trial of a matter and a proposed venue … is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 204-05.  "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment."  *Id*. at 205.

Here, there are no relevant witnesses whatsoever within 100 miles of Austin—not even witnesses for Katana, which is located in a northern suburb of Dallas that is almost 220 miles from Austin.  *See Collaborative Agreements, LLC v. Adobe Sys. Inc*., No. 1-14-CV-356-LY, 2015 WL 10818739, at *4 (W.D. Tex. Aug. 21, 2015) (ordering transfer and finding that when certain potential witnesses identified by the plaintiff were located within Texas, but not the Western District, those witnesses would "likely [be] equally inconvenienced by travel").  Indeed, the majority of witnesses reside in Boise, ***approximately 1,600 miles away from Austin***.  Ex. 11. These witnesses will suffer the inconveniences and inefficiencies associated with cross-country travel if this action is not transferred.

More particularly, the key witnesses in this action will need to book flights from Boise to Austin.  Only one airline offers a direct flight from Boise to Austin, and the frequency of this direct flight is limited.  Graham Decl., ¶¶ 15, 23; Exs. 12, 16.  This means that, in all likelihood, these witnesses will need to book multiple flights to travel from Boise to Austin to attend trial, increasing their travel time, expenses, and time away from their regular employment and families.

By contrast, a transfer to Boise would be convenient for the vast majority of potential witnesses.  For Micron's expected witnesses, Idaho is their home district, minimizing both

monetary costs and "the personal costs associated with being away from work, family, and community." *Volkswagen II*, 545 F.3d at 317.  They will be able to easily make the approximately eight-mile commute from Micron's Boise headquarters to the federal courthouse in Boise.  Ex. 9. For any witnesses who need to travel to Boise, the Boise airport is only approximately five miles from the federal courthouse in Boise and only approximately five miles from Micron's headquarters.  Exs. 8, 10.  Moreover, should Micron need to bring employee witnesses from outside Idaho (e.g., from Asia) for depositions or trial, they will be able to use Micron's offices in Boise to minimize the inconveniences caused by being away from their home Micron offices and/or by combining the trip with meetings at Micron's headquarters that might otherwise have been scheduled for a different time.

Katana has only one party-witness, and it is not clear whether he will testify at trial.[6]  To the extent that he does, however, it is not clear that a trip to Boise would be meaningfully less convenient than the 220-mile trip from Dallas suburbs to Austin.

Because a transfer to Idaho would significantly reduce the "additional distance to be traveled" by the majority of witnesses, this factor clearly favors transfer.  *Volkswagen I*, 371 F.3d at 204-05.

## 2.     Sources Of Proof Are Mostly In Idaho; *None* Are In This District

The majority of the non-witness sources of proof in this case (*e.g.,* documents and physical evidence) are located in Idaho.  No proof is located in this District.  As a result, this factor weighs heavily in favor of transfer.

---

[6]     Assertion entities most typically rely on expert and inventor testimony at trial.  Experts are obviously paid, and they typically expect to travel.  As discussed below, the inventors identified for the asserted patents here are located in Japan.

As the defendants in a patent litigation brought by a non-practicing entity, Micron is likely to produce significantly more documents in this case than Katana. This is so because "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Media Chain, LLC v. Roku, Inc.*, No. 1:21-CV-27-LY, 2021 WL 5994809, at *1 (W.D. Tex. Dec. 7, 2021) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). Moreover, the Federal Circuit has held that it is error for a district court to discount this factor because documents are stored electronically; instead, this factor must be given due weight. *Volkswagen II,* 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous," and finding that the District Court had erred because it had not given this factor sufficient weight).

The vast majority of documents and tangible evidence with potential relevance to this action are kept at Micron's headquarters in Boise, Idaho. Parekh Decl., ¶¶ 9-10. Katana's patents and infringement theories here focus on semiconductor chip packaging, including particular structures and methods that are alleged to be used for the identified Micron accused products. ECF No. 1 at, *e.g.*, ¶¶ 26, 33, 57, 58, 90. Based on these allegations, the primary categories of potentially relevant documents and tangible evidence will relate to Micron's research, design, development, and sales of the packaging features of the relevant products. Micron conducts the majority of its packaging research and development, as well as the development of its packaging technical specifications, at its headquarters in Idaho. Parekh Decl., ¶ 8. As a result, the majority of these documents are located in Idaho. *Id.*, ¶¶ 9-11. Testing documents are likewise located in Idaho. *Id.*, ¶ 9. Similarly, sales documents for the accused products reside in Boise. *Id.*, ¶¶ 9-10. To the

-9-

extent that technical documents are not entirely located in Idaho, the exceptions will involve documents located at Micron facilities in China or Taiwan, not in Texas or other United States locations. *Id.*, ¶ 14.

By contrast, no relevant documents or tangible evidence are located in Texas. *Id.*, ¶¶ 11,15. This is because, as discussed above, no Micron personnel located in Texas focus on chip packaging, and no packaging occurs in Texas. *Id.*, ¶¶ 15-17.

Katana asserts in its Complaint that Micron has certain operations in this District.  Katana points to, for instance, a physical location in this District at 101 West Louis Henna Boulevard, Suite 210, Austin, Texas 78728, which it claims constitutes a "regional" office for all of the Micron "Defendants" (plural in original). ECF No. 1, ¶ 19.[7]  But this Louis Henna location is a small office with less than a hundred employees collectively of both Micron Semiconductor Products, Inc. and Micron Technology Inc.  Parekh Decl., ¶ 15.  And, as previously mentioned, Micron Technology Texas, LLC has no operations and no employees, whether at this location or elsewhere, and none of the employees who do work at this facility have any responsibility for any aspect of semiconductor packaging. *Id.,* ¶¶ 15, 17.  Instead, Micron uses this location primarily for *software* (not packaging) engineering for its SSD memory products, as well as various business development functions unrelated to semiconductor packaging. *Id.*, ¶ 15. This means that there are no documents or tangible evidence related to this action at the Louis Henna location. *Id.*  As a result, the fact that Micron has a small office at the Louis Henna

---

[7]  Katana also asserts that Micron Technology Texas, LLC has a place of business at 805 Central Expressway South #100, Allen, Texas 75013. ECF No. 1 ¶ 8.  This location is in Collin County, not within this District, and no employees of Micron Technology Texas, LLC work there.  Parekh Decl., ¶ 16; Graham Decl., ¶ 8-9; Exs. 5-6.

location—which it uses for work completely unrelated to the issues in this case—does not support venue in this District.

Micron's minimal Texas operations create no connection between this District and the merits of this lawsuit, and the District of Idaho has a clear comparative advantage over the Western District of Texas "with regard to the ease of access to the sources of proof." *In re Apple Inc.*, No. 2022-128, 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). The relevant evidence is simply not located here.

For its part, Katana is a non-practicing entity that will likely have far fewer documents than Micron to produce in this action. *Media Chain*, 2021 WL 5994809, at *1. Thus, the location of Katana's documents matters far less than the location of Micron's documents. Regardless, even Katana is not located in this District. Ex. 1 (Katana address in Frisco, Texas). As a result, to the extent Katana will produce documents in this action, those documents are located elsewhere.

It is possible that documents in the possession of certain third parties will be sought and produced in this action. Those documents are most likely to be located in Asia, however, particularly Japan, where the inventors and the entity that originally owned the asserted patents (an affiliate of Sharp Corporation) are located. Graham Decl., ¶¶ 16-18, 21-22 & Exs. 13-15, 18-19. Micron intends to use the letters rogatory process to obtain documents (*e.g.*, relating to conception, reduction to practice, licenses, and sale of patents, among other issues) from these third parties, but this District has no special advantage over the District of Idaho in facilitating the collection of documents and evidence through the letters rogatory process.

Because no witnesses have relevant evidence within this District, and because most evidence will come from Micron in Idaho (or, to a far more limited extent, third parties outside the United States), this factor strongly favors transfer to the District of Idaho.

**3.      The Availability Of Compulsory Process To Secure Attendance Of Witnesses Is Neutral**

The relative availability of compulsory process is neutral here.  "The focus of this factor is not whether a witness *may* become an unwilling witness, or whether a court *may* need to invoke its subpoena power; rather, the focus is on the *availability* of process to secure attendance of a witness if need be."  *Uniloc USA Inc. v. Box, Inc.*, No. 1:17-CV-754-LY, 2018 WL 2729202, at *3 (W.D. Tex. June 6, 2018) (emphasis in original) (potential for former employee witnesses favored transfer); *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014) (same).  Here, there are no currently known non-party witnesses located in either this District or in the District of Idaho.  Thus, this factor weighs is neutral.

**4.      The Fourth Catch-All Factor Favors Transfer**

The final private interest factor—avoiding practical problems with trial and promoting efficiency—weighs in favor of transfer.  As mentioned above, Micron is contemporaneously  with the submission of its Answer and Counterclaims and this Motion to Transfer, also filing in state court in Idaho (Ada County) an Idaho state court claim against Longhorn (the entity that controls the Katana portfolio) for its bad faith assertion of patent infringement under the applicable Idaho statute. Ex. 7.  Micron selected state court to ensure that a bond will be available, but it is possible that Longhorn will seek to remove that claim to the federal District of Idaho court.  If so, then it would make sense for that case to ultimately be consolidated with this one—and transfer to Idaho will facilitate that process.

There are no efficiencies to be gained by keeping this case in this District.  Notably, although Katana has filed suits against other defendants here, the only such case currently open (Case No. 6:22-cv-191-ADA) involves different patents than those at issue here and is currently

-12-

venued before Judge Albright in Waco.  Those cases are not consolidated or together now, so that case provides no basis to keep Micron here.

## C.    The Public Interest Factors All Weigh Heavily In Favor Of Transfer

Like the private interest factors, the public interest factors also demonstrate that the District of Idaho is the more convenient forum.  Three of the four public interest factors weigh decidedly in favor of transfer, and the fourth is neutral.  Again, no factor weighs in favor of this District.

### 1.    Idaho Local Interests Favor Transfer

Idaho—not the Western District of Texas—has an interest in and connection to this case. In *Volkswagen I*, the Fifth Circuit found that this factor "weighs heavily in favor of" transferring the case from a district that lacked "any meaningful connection or relationship with the circumstances" of the case to a district where the plaintiffs and defendants lived and the alleged wrong had occurred.  371 F.3d at 206; *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021) ("The fact that infringement is alleged in the Western District of Texas gives that venue no more of a local interest than the Northern District of California or any other venue."); *Juniper*, 13 F.4th at 1319 ("[T]he events forming the basis for [the plaintiff's] infringement claims occurred mainly in the Northern District of California; none occurred in the Western District of Texas.  That is sufficient to give the transferee venue a greater localized interest in the dispute, which favors transfer.").  As the Fifth Circuit explained, it would be improper to impose the burden of jury duty on "the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (citing *Gulf Oil Corp.* at 508-09).

That same analysis applies here.  The Western District is not home to Katana or its principals, much less to Micron or its employee-witnesses. *See* Factual Background, *supra*.  In

addition, no likely third-party witnesses reside here, *see id.*, and none of the accused products were developed or designed here, *see id.*

Although Micron's products do end up in this District, "[t]he Fifth Circuit has unequivocally rejected the argument that citizens of the venue chosen by the plaintiff have a 'substantial interest' in adjudicating a case locally because some allegedly infringing products found their way into the Texas market." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (citing *Volkswagen II*, 545 F.3d at 317-18). Where accused products are distributed throughout the United States, "the citizens of the venue chosen by the plaintiff have no more or less of a meaningful connection to the case than any other venue." *Nintendo*, 589 F.3d at 1198 (quotation marks and citations omitted). Neither this District nor the potential jurors within this District have any relevant local interest in Katana's claims against Micron.

By contrast, Micron is one of Idaho's largest private employers, with its headquarters and more than 6,000 employees in Idaho alone. Parekh Decl., ¶ 6; *Polaris Innovations Ltd. v. Dell, Inc.*, No. SA-16-CV-451-XR, 2016 WL 7077069, at *11 (W.D. Tex. Dec. 5, 2016) ("[A] headquarters in a certain location gives that location a strong local interest."). The work that was done by Micron engineers in Idaho, and the success of Micron as an Idaho company, directly led to the claims asserted here. It is the Idaho courts, not the courts of Texas, that have an interest in resolving this dispute. *See In re DISH Network LLC*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) (finding this factor weighed in favor of transfer on similar facts and discounting suggestion that limited facilities in Western Texas change that analysis because "even if these Texas-based operations have some connection to the accused set-top boxes here, that connection is insubstantial compared to Colorado's significant connection to the design and development of the accused features").

Moreover, and importantly here, the presence of a statutory Idaho state law counterclaim imbues Idaho with even greater localized interest than would exist for a garden-variety patent case. *See, e.g., Research Automation,* 626 F.3d at 978 ("court's relative familiarity with the relevant law" is a public interest factor that may be considered).  The Idaho legislature has spoken about the local interest in ensuring that its bad faith infringement statute is enforced, saying:

> Abusive patent litigation, and especially the assertion of bad faith infringement claims, can harm Idaho companies … Not only do bad faith patent infringement claims impose a significant burden on individual Idaho businesses, they also undermine Idaho's efforts to attract and nurture [information technology] and other knowledge-based companies

Idaho Code §§ 48-1701(1)(d)-(e).  Although federal district courts of course routinely apply the law of foreign states, the situation here is also unique because there is almost no Idaho case law applying the relevant Idaho statute, which was adopted less than a decade ago.  This reality would potentially place this Court in the awkward position of creating new law interpreting a statute that the Idaho courts, in large part, have not yet themselves had the opportunity to apply.

In short, this factor weighs sharply in favor of transfer.  *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 857 (S.D. Ohio 2007) (discussing familiarity with controlling law and stating "the Court believes that the presence of Defendant's Counterclaims under state law causes this factor to weigh in favor of transfer").

## 2.    The District Of Idaho Is Better Situated To Resolve Idaho State Law Counterclaims

A separate, but here related, public interest factor is the "the familiarity of the forum with the law that will govern the case." *Volkswagen I,* 371 F.3d at 203.

Here, this Court has no familiarity with the Idaho Bad Faith Assertion of Patent Infringement Statute pursuant to which Micron has asserted its counterclaim.  It has no decisions on this statute.  While it is of course possible for this Court to adjudicate that Idaho state law

-15-

counterclaim, the courts in Idaho have greater familiarity with Idaho law generally and should be given the first crack at applying their own Idaho Code § 48-1701, *et seq*. This factor also, therefore, strongly favors transfer.

### 3. The Comparative Congestion Of The Two Courts Along With Micron's Pending Lawsuit In Idaho Favor Transfer

There are many ways to measure congestion, perhaps explaining why the Federal Circuit has described this factor as the "most speculative" of the transfer factors. *See, e.g.*, *Juniper*, 14 F.4th at 1322; *Samsung*, 2 F.4th at 1380-81 ("[E]ven if the court's speculation is accurate that it could more quickly resolve these cases …, neither respondents nor the district court pointed to any reason that [the] more rapid disposition of the case that might be available in the Western District of Texas would be important enough to be assigned significant weight in the transfer analysis here."); *In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020) ("[A] district court cannot merely set an aggressive trial date and subsequently conclude, on that basis alone, that other forums that historically do not resolve cases at such an aggressive pace are more congested for venue transfer purposes.").

Here, however, court statistics show that the District of Idaho has a smaller caseload than the Western District of Texas. *See, e.g.*, Ex. 17 (9,909 total pending cases here vs. 1,159 total pending cases in Idaho; 762 pending cases per judge here vs. 580 pending cases per judge in Idaho). This factor therefore also cuts in favor of transfer.

### 4. The Remaining Factor (Conflict Of Laws) Is Neutral

The remaining factor does not affect the analysis: there are no conflict of laws issues in this action. Thus, this final public interest factor is neutral and does not affect the transfer analysis.

## CONCLUSION

The relevant factors establish that there is good cause for the transfer of this action to the District of Idaho:

- The majority of the sources of proof and documents are in Idaho; none are in Texas.
- Compulsory process to compel relevant witness attendance is available in Idaho, not Texas.
- The cost of attendance for willing witnesses is much lower in Idaho than in Texas.
- Idaho has an interest in this dispute; Texas does not.
- Court congestion is less in the District of Idaho than in this District.
- Idaho courts are better situated to resolve Micron's Idaho state law counterclaim.
- Micron's separate lawsuit for bad faith assertion of infringement against the umbrella entity that controls Katana, Longhorn, is already pending in Idaho.

There is no basis for keeping this case in this District. Neither this District nor the potential jurors in this District have any interest in this dispute. Micron requests that the Court transfer this case to the District of Idaho.

DATED:  June 6, 2022.                    **PERKINS COIE LLP**

                                         By:*/s/ Amanda Tessar*
                                             Amanda Tessar, Bar No. 33173
                                             atessar@perkinscoie.com
                                             PERKINS COIE LLP
                                             1900 Sixteenth Street,
                                             Suite 1400
                                             Denver CO 80202
                                             Tel. 303.291.2300
                                             Fax. 303.291.2400

                                             M. Craig Tyler, Texas Bar No. 00794762
                                             ctyler@perkinscoie.com
                                             PERKINS COIE LLP
                                             405 Colorado Street
                                             Suite 1700
                                             Austin, TX 78701
                                             Tel. 737.256.6100
                                             Fax. 737.256.6300

                                             **ATTORNEYS FOR DEFENDANTS/
                                             COUNTERCLAIMANTS MICRON
                                             TECHNOLOGY, INC., MICRON
                                             SEMICONDUCTOR PRODUCTS, INC., AND
                                             MICRON TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF CONFERENCE

Counsel for Micron met and conferred with counsel for Katana Silicon Technologies about this motion on June 3 and 6, 2022.  Katana opposes the motion.

*/s/ Amanda Tessar*
Amanda Tessar

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system on this the 6th day of June, 2022.

*/s/ Amanda Tessar*
Amanda Tessar
